**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 27 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARRY FREEMAN,<br><br>                Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                Respondent. | No. 09-73925<br><br>Agency No. A089-814-444<br><br>AMENDED<br>MEMORANDUM[*]<br><br> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 29, 2013
Pasadena, California

Before: O'SCANNLAIN, BEA, and CHRISTEN, Circuit Judges.

Pursuant to 8 U.S.C. § 1252, Harry Freeman, a native and citizen of Liberia, petitions for review of an order by the Board of Immigration Appeals ("BIA") denying his claim for withholding of removal. We grant the petition and conclude that Freeman is entitled to withholding.

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The agency found that Freeman was entitled to a presumption of eligibility for withholding of removal because he had suffered past persecution on the basis of ethnicity. As the Immigration Judge ("IJ") noted, ethnicity appears to have been "the basis of the civil war" in Liberia. The IJ's finding of past persecution was not contested. Contrary to the government's argument, the issue of ethnicity cannot be cleanly divorced from the involvement of Freeman and his family in the war.

To meet the burden of finding changed country conditions, the government was "obligated to introduce evidence that, on an individualized basis, rebuts a particular applicant's specific grounds for his well-founded fear of future persecution." *Popova v. INS*, 273 F.3d 1251, 1259 (9th Cir. 2001) (internal quotation marks omitted). "Information about general changes in the country is insufficient for the government to overcome the presumption." *Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir. 2004). State Department country reports may be a good resource, but "they typically are not amenable to an 'individualized analysis' tailored to an [] applicant's particular situation." *Kamalyan v. Holder*, 620 F.3d 1054, 1057 (9th Cir. 2010).

The IJ found Freeman to be a credible witness. Freeman cited a fear of retribution by former rebels arising from his family's role in the war, and the fact that his former rebel enemies had assumed powerful positions in Liberia. Given

the specificity of this fear in light of the details Freeman presented about the particular acts of persecution he suffered, the government could not rebut his presumption with the general information it cited from a 2008 country report.

In the immigration context, courts should remand when the agency has not yet had the opportunity to consider a factual question regarding a petitioner's circumstances. *See, e.g.*, *INS v. Ventura*, 537 U.S. 12, 17 (2002) (holding that agency must be allowed to decide question of changed country conditions in the first instance); *Lopez*, 366 F.3d at 806–07 (remanding where agency had applied incorrect legal standard). But where BIA has fully considered the relevant circumstances under the proper standard, and its conclusion is not supported by substantial evidence, courts need not remand simply to give the agency the opportunity to make its case more persuasively. *See Mutuku v. Holder*, 600 F.3d 1210, 1214–15 (9th Cir. 2010) (finding remand unnecessary where government failed to meet its burden); *Baballah v. Ashcroft*, 367 F.3d 1067, 1078 n.11 (9th Cir. 2004) (finding remand unnecessary where agency did not present evidence of changed conditions and represented that all relevant factual issues had been considered in hearing).

Here, the agency applied the correct legal standard, as evidenced by BIA's citation to this court's "individualized analysis" standard in its decision. But the

3

evidence BIA relied upon did not rebut Freeman's presumption. We conclude that remand is unnecessary, and that Freeman is entitled to withholding of removal.

**GRANTED.** The agency may conduct further proceedings as necessary to implement this decision.